Adrian L. Barton, AZ #025359
Adrian@BartonLawAZ.com
BARTON LAW
Esplanade III
2415 E. Camelback Rd., Suite 700
Phoenix, Arizona 85016
Telephone: 602.753.9147
Facsimile: 602.553.1147

Attorney for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| BRITNEY BOLTON,<br><br>    Plaintiff,<br><br>v.<br><br>ASSOCIATED THORACIC AND CARDIOVASCULAR SURGEONS, LTD, an Arizona company; HERMAN PANG, M.D., an individual, SABRINA LARSON, and individual, SHELLEY KROCZYNSKI, an individual, and DOES 1-10,<br><br>    Defendants. | No. CaseNumber<br><br>**COLLECTIVE ACTION COMPLAINT FOR OVERTIME UNDER THE FLSA**<br><br>**JURY TRIAL DEMANDED** |

## COLLECTIVE ACTION CIVIL COMPLAINT

Britney Bolton ("Named Plaintiff"), on behalf of herself and those similarly situated (hereinafter referred to as "Plaintiffs"), hereby complains as follows against Defendants.

### INTRODUCTION

1. Named Plaintiff has initiated the instant action to redress violations by Defendants of the Fair Labor Standards Act ("FLSA"). Named Plaintiff asserts that Defendants

failed to pay Named Plaintiff and Plaintiffs proper overtime compensation in violation of the FLSA.

## JURISDICTION AND VENUE

2. The foregoing paragraphs are incorporated herein as if set forth in their entireties.

3. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice.

4. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims herein arise under laws of the United States, the FLSA, 29 U.S.C. § 201 *et seq.*

5. Venue is properly laid in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendants reside in and/or conduct business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## PARTIES

6. The foregoing paragraphs are incorporated herein as if set forth in their entireties.

7. Named Plaintiff Britney Bolton is an adult individual residing in Vacaville, California who, at all times relevant to this Complaint resided in Scottsdale, Arizona, County of Maricopa.

8. Defendant Associated Thoracic and Cardiovascular Surgeons, Ltd. ("ATCS") is an Arizona entity that has conducted business under the trade names Entebella, Cardiothoracic & Vascular Surgeons, Ltd., and Cardiothoracic Vascular Surgery in Maricopa County, Arizona, and that caused the events set forth in this Complaint to occur in Maricopa County, Arizona.

9. Defendant Herman Pang, M.D. is an individual who has at all times relevant to this Complaint caused acts and/or omissions to occur within Maricopa County, Arizona.

10. On information and belief, Dr. Pang acted, or failed to act, on behalf of his community at all, or at least some, times relevant to this Complaint. On information and belief, this person's name is Kimberly Sue Waterhouse. When the identity of the spouse of Dr. Pang is confirmed, this Complaint will be amended to include the spouse of Dr. Pang.

11. Defendant Sabrina Larson is an individual who has at all times relevant to this Complaint caused acts and/or omissions to occur within Maricopa County, Arizona.

12. On information and belief, Ms. Larson acted, or failed to act, on behalf of her community at all, or at least some, times relevant to this Complaint. When the identity of the spouse of Ms. Larson is confirmed, this Complaint will be amended to include the spouse of Ms. Larson.

13. Defendant Shelley Kroczynski is an individual who has at all times relevant to this Complaint caused acts/or omissions to occur within Maricopa County, Arizona.

14. Ms. Kroczynski acted, or failed to act, on behalf of her community at all times relevant to this Complaint. When the identity of the spouse of Ms. Kroczynski is confirmed, this Complaint will be amended to include the spouse of Ms. Kroczynski.

15. Defendants DOES 1 – 10 include the spouses of the individual Defendants named herein, if any, and also include otherwise currently unknown individuals, corporations, professional associations, or anyone else who, directly or indirectly, directed, aided, abetted, and/or assisted with creating and/or executing the policies and practices of Defendants which resulted in Defendants failing to pay Named Plaintiff and Plaintiffs proper compensation pursuant to the FLSA.

16. At all times relevant herein, Defendants acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with ATCS.

3

17. At all times relevant herein, Defendants Dr. Pang, Ms. Larson, and Ms. Kroczynski jointly: (a) exercised operational control of ATCS; (b) set the terms, conditions, and compensation of Named Plaintiff and Plaintiffs; (c) set the employment policy and procedures for ATCS; (d) had economic control over the nature and structure of the employment relationship between ATCS, on the one hand, and Named Plaintiff and Plaintiffs, on the other hand; and (e) exercised control over the nature and structure of the employment relationship between ATCS, on the one hand, and Named Plaintiff and Plaintiffs, on the other hand

### FLSA COLLECTIVE ACTION ALLEGATIONS

18. The foregoing paragraphs are incorporated herein as if set forth in their entireties.

19. Named Plaintiff brings this action under the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons presently and formerly employed by ATCS subject to the unlawful pay practices and policies at ATCS described herein and who worked for ATCS at any point in the three years preceding the date the instant action was initiated (the members of this putative class are referred to as "Plaintiffs").

20. Named Plaintiff and Plaintiffs worked and work at different facilities of ATCS, but are subjected to the same unlawful wage policies and practices described herein.

21. Named Plaintiff and Plaintiffs are similarly situated, have substantially similar non-managerial job duties, have substantially similar pay provisions, and are all subject to unlawful policies and practices at ATCS as described herein.

22. There are numerous similarly situated current and former employees of ATCS who were compensated improperly for overtime work in violation of the FLSA and who would benefit from the issuance of a Court Supervised Notice of the instant lawsuit and the opportunity to join in the present lawsuit.

23. Similarly situated employees are known to ATCS, are readily identifiable by ATCS, and can be located through the records of ATCS.

24. Therefore, Named Plaintiff should be permitted to bring this action as a collective action for and on behalf of herself and those employees similarly situated, pursuant to the "opt-in" provisions of the FLSA, 29 U.S.C. § 216(b).

## FACTUAL BACKGROUND

25. The foregoing paragraphs are incorporated herein as if set forth in their entireties.

26. Named Plaintiff worked for ATCS as an ultrasound technician from March 31, 2014 through June 24, 2015.

27. Named Plaintiff and Plaintiffs are current and/or former ultrasound technician employees of ATCS, who within the last three years have been or are presently employed by ATCS.

28. Upon information and belief, ATCS maintained an unlawful wage payment system for at least the last three years, and enforced such unlawful policies at each of their facilities run under various trade names.

## EMPLOYEE MISCLASSIFICATION

29. The foregoing paragraphs are incorporated herein as if set forth in their entireties.

30. The United States Department of Labor has long advised that employers should classify ultrasound technicians as non-exempt hourly employees entitled to overtime pay. (See http://www.dol.gov/whd/overtime/fs17o_technicians.htm).

31. Named Plaintiff and Plaintiffs were not classified as non-exempt hourly employees.

32. Named Plaintiff and Plaintiffs were required to work from 7:15 a.m. – 5:30 p.m., or later if needed, five days per week. Named Plaintiff and Plaintiffs often worked beyond 5:30 p.m.

33. Named Plaintiff and Plaintiffs were paid based upon varying values given to various ultrasound screening procedures they performed throughout the course of their at least 10.25 hour work days (or 50.25 hour work weeks); they were not compensated at all for other tasks performed throughout the day, including, without limitation, attending required staff meetings and opening and/or closing the office.

34. Named Plaintiff and Plaintiffs were then made to accept as their pay the average of the value of all ultrasound technicians' work in each two week pay period. When the averaged amount included change, whatever the amount, ATCS would simply round down to the next lower dollar amount in order to reach the compensation figure. Defendants had no good faith basis to use such an arbitrary and unfair rounding system.

35. Named Plaintiff complained to ATCS about these practices, but was told that talk of pay among employees is forbidden. Named Plaintiff was specifically told not to speak with another employee about her compensation, or she would be terminated.

36. When Named Plaintiff complained about how scheduling was done among office tasks and performing ultrasounds, thereby decreasing her pay, ATCS took no action to address the issue.

37. Named Plaintiff learned for the first time in or about mid-October 2015 that she and Plaintiffs had been misclassified as exempt employees by ATCS, and that she should have been paid for all of the overtime that she was required to work..

## COUNT I
### Fair Labor Standards Act
### (Failure to pay Overtime Compensation)
### (Named Plaintiff and Plaintiffs v. Defendants)

38. The foregoing paragraphs are incorporated herein as if set forth in their entireties.

39. At all times relevant herein, Defendants have and continue to be "employers" within the meaning of the FLSA.

40. At all times relevant herein, Defendants were and are responsible for paying wages to Named Plaintiff and Plaintiffs.

41. At all times relevant herein, Named Plaintiff and Plaintiffs were and are employed with Defendants as "employees" within the meaning of the FLSA.

42. Under the FLSA, an employer must pay an employee at least one and one half times his or her regular rate of pay for each hour worked in excess of forty hours per workweek.

43. Defendants' violations of the FLSA include, but are not limited to: (1) unlawfully misclassifying Named Plaintiff and Plaintiffs so as to avoid paying them overtime; and (2) arbitrarily rounding averaged pay for Named Plaintiff and Plaintiffs downward.

44. Defendants' conduct in failing to pay Named Plaintiff and Plaintiffs properly was and is willful and was and is not based upon any reasonable interpretation of the law.

45. As a result of Defendants' unlawful conduct, Named Plaintiff and Plaintiffs have suffered damages as set forth herein

**WHEREFORE**, Named Plaintiff and Plaintiffs pray that this Court enter an Order providing that:

(a) Defendants are to be prohibited from continuing to maintain their illegal policy, practice, or customs in violation of federal wage and hour laws;

(b) Defendants are to compensate, reimburse, and make Named Plaintiff and Plaintiffs whole for any and all pay and benefits they would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings;

(c) Named Plaintiff and Plaintiffs are to be awarded, pursuant to the FLSA, liquidated damages in an amount equal to the actual damages in this case;

(d) Named Plaintiff and Plaintiffs are to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable law.

(e) Named Plaintiff and Plaintiffs are to be awarded all other relief this Court deems just and proper.

DATED this 7th day of April, 2016.

BARTON LAW

By: /s/ Adrian L. Barton
Adrian L. Barton
Attorney for Plaintiff